**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**James W. JARRELL, Defendant—
Appellant.**

**No. CR. A. 300CR0034.**

United States District Court,
W.D. Virginia,
Charlottesville Division.

March 15, 2001.

Jean Barrett Hudson, U.S. Attorney's Office, Charlottesville, VA, for Plaintiff–Appellee.

John Garland Berry, Madison, VA, Frederick Theodore Heblich, Jr., Charlottesville, VA, for Defendant–Appellant.

## MEMORANDUM OPINION

MICHAEL, Senior District Judge.

James Jarrell was charged with hunting in the Shenandoah National Park in violation of 16 U.S.C. § 403c–3. He consented to a bench trial before the presiding United States Magistrate Judge, waiving his right to trial before this court. The Magistrate Judge found Mr. Jarrell guilty, and sentenced him to a fine of $200 and three years' probation, with special conditions that Mr. Jarrell not hunt for eighteen months and not enter any national park for one year. Mr. Jarrell filed a timely notice of appeal, *see* 18 U.S.C. § 3402; Fed.R.Crim.P. 58(g)(2), on the ground that the evidence presented at trial was insufficient to sustain his conviction. The court disagrees, and therefore, affirms.

■ Federal Rule of Criminal Procedure 58 addresses the scope of appeal from a Magistrate Judge's judgment regarding petty offenses and misdemeanors: "The defendant shall not be entitled to a trial de novo by a judge of the district court. The scope of the appeal shall be the same as an appeal from a judgment of a district court to a court of appeals." Fed.R.Crim.P. 58(g)(2)(D). In reviewing the sufficiency of the United States's evidence, the court must sustain the Magistrate Judge's verdict "if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942). The court "[is] not entitled to weigh the evidence or to assess the credibility of witnesses, but must assume that the jury resolved all contradictions ... in favor of the Government." *United States v. Studifin,* 240 F.3d 415, 424 (4th Cir.2001) (quoting *United States v. Romer,* 148 F.3d 359, 364 (4th Cir.1998)). Otherwise said, the United States is entitled to all reasonable inferences from the facts established to those sought to be established. *See United States v. Tresvant,* 677 F.2d 1018, 1021 (4th Cir.1982).

■ 16 U.S.C. § 403c–3 proscribes "[a]ll hunting or the killing, wounding, or capturing at any time of any wild bird or animal, except dangerous animals when it is necessary to prevent them from destroying human lives or inflicting personal injury ... within the limits of said park," *i.e.* the Shenandoah National Park and Great Smoky Mountains National Park. This statute accordingly requires evidence that the defendant: (1) hunted, or (2) killed, wounded, or captured, (3) any wild bird or animal, (4) within the limits of the Shenandoah National Park. It is uncontested that there is no evidence Mr. Jarrell killed, wounded, or captured any wildlife within the park boundaries. Accordingly, Mr. Jarrell's conviction can be sustained only if there is sufficient evidence that he was "hunting" within the park.

■ It is clear from the broad language of the statute, and from its distinction between "hunting" and "killing,

wounding, or capturing," that one need not actually kill, wound, or capture an animal to be "hunting" under 16 U.S.C. § 403c–3. Rather, the term "hunting" includes searching for or pursuing wildlife with the purpose of killing, wounding, or capturing. This interpretation is consistent with the word's ordinary meaning. *See* Webster's Third New International Dictionary 1103 (1961) (defining "to hunt" as "to follow or search for (game or prey) for the purpose of and with the means of capturing or killing: pursue (game or prey) for food or in sport . . . *esp:* to pursue with weapons and often with trained animals"). *See also United States v. Sanford,* 547 F.2d 1085, 1091 (9th Cir.1976) (adopting substantially similar definition of "hunt" upon examination of identically-worded statute, and holding that hunting guides, as well as hunters themselves, could be convicted of "hunting").*

■ Mr. Jarrell concedes he was in the Shenandoah National Park with hunting dogs and at least one firearm, and intended to hunt on the day in question. However, he contends that he intended to hunt on private land, and that he and his hunting party were simply *passing through* the park, making their way towards the private land, but had not yet begun to hunt. In other words, he argues there was insuf-ficient evidence that he was actively hunting wildlife while in the park.

Essentially, the United States's only evidence that Mr. Jarrell was hunting while in the Shenandoah National Park was a videotape that was admitted into evidence at trial. Timothy W. Alley, a United States Park Service investigator, placed a video camera approximately 300–400 feet inside the park boundary to detect and record illegal hunting activity within the park. On December 21, 1994, the camera recorded Mr. Jarrell, his son, and two other men, walking through the park. One of the men had at least one firearm. Mr. Jarrell was in control of several dogs on leashes, and had several leashes draped around his neck. The video also appeared to show an unleashed dog wandering through the park, which the Magistrate Judge determined was part of Mr. Jarrell's hunting party. Mr. Jarrell's son testified for the defense, and was asked the question, "When you hunt bears with dogs, do you keep the dogs, or do you let them go?" Mr. Jarrell's son responded, "[y]ou let them go if you're hunting," but denied that the loose dog pictured in the video was with their party. The Magistrate Judge concluded that the evidence established beyond a reasonable doubt that Mr. Jarrell was actively hunting wildlife in the park.

---

* The United States cites *United States v. Boynton,* 63 F.3d 337, 345 (4th Cir.1995), for the proposition that hunting is a strict liability crime, and implies that one may be guilty of "hunting" under § 403c–3 simply by pursuing wildlife, even with no purpose of "killing, wounding, or capturing" the wildlife. The court disagrees, and rejects the proposition that hunting under § 403c–3 is a strict liability crime in this sense. The ordinary meaning of "hunt" is not coextensive with the ordinary meaning of "pursue": While one can pursue without the purpose of killing, wounding, or capturing, one may not hunt without such a purpose. *Cf. Liparota v. United States,* 471 U.S. 419, 426, 105 S.Ct. 2084, 85 L.Ed.2d 434 (1985) ("This construction is particularly appropriate where, as here, to interpret the statute otherwise would be to criminalize a broad range of apparently innocent conduct."). *Boynton* is distinguishable because the case simply held that it was not necessary to prove the intent of a third-party; the case did not examine what intent was required on the defendants' part, and the defendants in that case conceded they were hunting with the intent to kill. Moreover, *Boynton* interpreted a different statute, the Migratory Bird Treaty Act, 16 U.S.C. §§ 703 *et seq.* Regardless, there was sufficient evidence presented at trial that Mr. Jarrell pursued wildlife with the requisite purpose.

Mr. Jarrell contends there is no evidence that the loose dog belonged to his hunting party. The court disagrees. A reasonable inference can, and therefore must, be drawn in the United States's favor that the extra leashes around Mr. Jarrell's neck indicated Mr. Jarrell had released at least one other dog, and that the loose dog seen in the video was released by him. Mr. Jarrell objects that he adduced evidence to explain why he had extra leashes around his neck. This court's role is not to re-try the case. Rather, the court must assume that the Magistrate Judge resolved the contradictory explanations for those extra leashes in favor of the United States. Doing so was not unreasonable.

■ Mr. Jarrell claims the video is "not inconsistent" with a hunting party simply passing through the park, but not hunting. With this proposition, the court agrees. However, the video also is "not inconsistent" with Mr. Jarrell's hunting party actually hunting in the park. An ambiguity in the evidence does not mean there was no evidence of hunting in the park. Rather, the ambiguity was one to be resolved at trial, and the trier of fact resolved it in favor of the United States. Notwithstanding Mr. Jarrell's claims, the court's review of the record, in the light most favorable to the United States, leads the court to conclude that there was substantial and sufficient evidence to establish Mr. Jarrell's guilt beyond a reasonable doubt.

Mr. Jarrell's conviction is therefore affirmed. However, the court directs the Magistrate Judge to correct the judgment and commitment order to reflect a conviction under 16 U.S.C. § 403c–3, rather than under 16 U.S.C. § 403(c)(3), the latter being a provision that does not exist in the United States Code. The error may be corrected pursuant to Federal Rule of Criminal Procedure 36.

An appropriate Order this day shall issue.

### FINAL ORDER

The defendant appeals his conviction for hunting in the Shenandoah National Park in violation of 16 U.S.C. § 403c–3. For the reasons stated in the accompanying Memorandum Opinion, it is accordingly this day

### ADJUDGED, ORDERED, AND DECREED

that the judgment of the presiding United States Magistrate Judge be, and it hereby is, AFFIRMED.

The Clerk of the Court hereby is directed to strike this case from the docket, and to send a certified copy of this Order and the accompanying Memorandum Opinion to all counsel of record and to Magistrate Judge B. Waugh Crigler.